(No. 5034-)

WALTER L. BAYER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 25, 1964.*

DANIEL MC MULLEN, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD A. WARMAN AND EDWARD G. FINNEGAN, Assistant Attorneys General, for Respondent.

PEZMAN, J.

Claimant seeks reimbursement for salary for a period of illegal suspension and illegal discharge from his employ-

ment as a classified employee under the Personnel Code of the State of Illinois. Claimant was employed by the Illinois Youth Commission, and is presently so employed.

A petition was filed on May 1, 1962, to which respondent did not file a specific pleading. The parties in the cause stipulated and agreed as follows:

"Claimant, Walter L. Bayer, was, on and prior to February 20, 1961, actively engaged in the performance of his duties as an employee of the Illinois Youth Commission under the rules of the Department of Personnel.

"Claimant was duly certified and appointed to his position after taking and passing the requisite Civil Service examination therefor.

"Claimant was promoted to Senior Guard Captain on September 1, 1959, which position was at that time, and at all times, designated and classified by the Civil Service Commission and by the rules of the Department of Personnel, and the salary range therefor was from $500.00 to $620.00 per month.

"The position was in the classified service of the Illinois Youth Commission of the State of Illinois, and was not exempt under the State Civil Service Act or the law governing the Department of Personnel.

"Claimant performed the duties of his position from the date of his appointment until the date of his discharge.

"On February 20, 1961, claimant was notified of a disciplinary suspension of thirty days, effective February 20, 1961, pending discharge at the request of the Chairman of the Illinois Youth Commission for the reason of 'violation of Illinois Youth Commission administrative regulations.'

"On March 20, 1961, claimant was notified of his discharge, effective February 20, 1961, at the request of the Chairman of the Illinois Youth Commission with the last day of pay as of February 21, 1961.

"Within the time required by law, claimant requested a hearing, and it was scheduled by the Civil Service Commission on notice to claimant for April 10, 1961, at which time the hearing was held.

"Claimant appeared before said Commission pro se, and, upon the conclusion of the hearing on January 12, 1962, the hearings referee decided 'It is, therefore, the decision of the hearings referee that petitioner, Walter L. Bayer, be and he is hereby retained in his position as Senior Guard Captain at the Illinois State Industrial School for Boys, Sheridan, Illinois, effective March 23, 1961.,

"Thereafter, on January 18, 1962, the Civil Service Commission entered its findings and decision as follows:

'The undersigned Civil Service Commissioners of the State of Illinois, having read and examined the proofs, oral, documentary and written, taken in the above entitled cause, together with the record, evidence, findings and decision of the above-named hearings referee, concur in,

and adopt the same as those of the Civil Service Commission, State of Illinois, and said findings and decisions so concurred in and adopted by the said undersigned Commissioners are hereby certified to the Director of the Department of Personnel, State of Illinois, for enforcement.'

"At the request of the Illinois Youth Commission claimant returned to his employment as a Senior Guard Captain at the Illinois Industrial School for Boys, Sheridan, Illinois, on February 13, 1962, and has since continued to work in said employment.

"The Illinois Youth Commission has paid claimant for his salary at the rate of $590.00 per month for the period of July 1, 1961 to February 12, 1962, both dates inclusive, less claimant's earnings of $2,748.10 from other employment during that period.

"The net amount paid to claimant by respondent was $1,696.90.

"From the findings and decision of the Civil Service Commission it appears that claimant was removed from his Civil Service position, and was prevented from performing the duties of said position, and from receiving the salary appropriated therefor and attached thereto from February 20, 1961 to June 30, 1961, both dates inclusive.

"The findings and decision of the Civil Service Commission of the State of Illinois are in full force and effect, and have never been reversed, modified, annulled or set aside, and no appeal has been taken, or is pending.

"The salary appropriated was the sum of $590.00 per month.

"For the period of February 20, 1961 to June 30, 1961, inclusive, the Illinois State Legislature passed appropriation bills for the position of Senior Guard Captain at the Illinois Industrial School for Boys, Sheridan, Illinois.

"Claimant has not been paid the back salary for the period of February 20, 1961 to June 30, 1961, inclusive."

From the record it appears that claimant made a conscientious effort to be employed during the period from February 20, 1961 to June 30, 1961. The evidence showed that he made applications at various places, but was unable to gain employment until July 2, 1961. The record and the stipulated statement of facts also show that, upon his return to employment by the Illinois Youth Commission, claimant was paid in full for services after June 30, 1961 when the biennium ended. The appropriation for services rendered prior to June 30, 1961 lapsed. Had there been no lapse of appropriation, the Illinois Youth Commis-

sion would have paid claimant, and this case would not have been brought before the Court of Claims.

The Court of Claims has expressed itself thoroughly on this point in the case of *Schneider* vs. *State of Illinois*, 22 C.C.R. 453, as well as in the cases of *Secaur* vs. *State of Illinois*, 21 C.C.R. 364, and *Poynter* vs. *State of Illinois*, 21 C.C.R. 393.

Claimant is, therefore, hereby awarded the sum of $2,544.00 for his salary from February 20, 1961 to June 30, 1961, inclusive.